STACKPOLE *vs.* ROBBINS and SIMMONS, commissioners, &c.

A sale of real estate under a proceeding which is afterwards pronounced to be illegal and invalid, can not operate to extinguish a valid mortgage, to satisfy which the sale was made.

The power of the mortgage is not exhausted by any such illegal sale; and upon the sale being vacated, the mortgage becomes as effective as if no proceedings to set aside the sale had been had.

The legal effect of a judgment setting aside a foreclosure and sale is, to vacate and annul all the proceedings, and to restore the mortgage to the same position it occupied before the proceedings were commenced.

The judgment does not destroy the lien of the mortgage, which still remains in force; and new proceedings to foreclose the mortgage, and for a sale of the premises, may be commenced by the mortgagee.

Such new proceedings will not be restrained by injunction, at the suit of a junior mortgagee, on the ground that the lien of the prior mortgage is destroyed.

It does not require a direct and affirmative judgment of the court, after proceedings to foreclose a mortgage have been vacated and set aside for irregularity, fraud and collusion, to reinstate the mortgage and restore its lien upon the premises.

A mortgage will not be deemed paid and canceled by a judgment for foreclosure and sale, so as to be no longer a lien, where the proceedings in the action are subsequently set aside and vacated.

In general, the consideration clause in a deed is not within the rule excluding parol evidence in contradiction of a writing.

The effect of a consideration clause is to estop the grantee from alleging that the deed was executed without consideration. For every other purpose it is open to explanation, and may be varied by parol proof.

APPEAL from a judgment entered upon a referee's report. The action was brought by the plaintiff to restrain the defendants, as loan commissioners of Rensselaer county, from selling certain premises under a mortgage executed by one Millar, to their predecessors, on the 28th of July, 1837, for $500, which the plaintiff claimed was satisfied and discharged by a previous sale. The cause was referred to George Gould, Esq. as referee, who reported in favor of the plaintiff. On the appeal a new trial was granted, and the referee reported in favor of the defendants, on the second trial.

It appeared before the referee, on the second trial, that on the first of February, 1859, the defendants' predecessors, then

being loan commissioners, sold the premises, upon the fore-closure of the mortgage executed by Millar, to one S. Streeter. The consideration money expressed in the deed was $500, which the deed stated had been paid. On the 3d day of August, 1859, Streeter conveyed to Elizabeth Van Alstyne, and on the 13th day of August, 1859, Mrs. Van Alstyne and her husband executed a mortgage to the commissioners to secure the payment of the sum of eight hundred dollars, being for the original consideration money of the sale, and for other moneys advanced and to be advanced.

It was proved by one of the commissioners, that no money was paid on the sale to Streeter. And that one hundred dollars principal, and the interest on the mortgage to October 1, 1860, had been paid. In the month of February, 1861, the plaintiff commenced an action in the Supreme Court, to have the foreclosure proceedings under the Millar mortgage, and the conveyance to Streeter by the commissioners, the convey-ance by Streeter to Mrs. Van Alstyne, the mortgage thereof by her and her husband to the commissioners, and the actions and proceedings of the defendants in that action, canceled and declared fraudulent and void as against the plaintiff, and those defendants barred of any right, title and interest in, or lien upon, the premises, by or under the mortgage fore-closure, sale, conveyance, mortgage, &c.

It also appeared that the plaintiff, without any knowledge of the mortgage to the first loan commissioners, had, on the 31st day of May, 1856, taken a mortgage on the premises; foreclosed the same in 1858, and obtained a title; and the plaintiff alleged that the proceedings of the commissioners, and their acts, were done fraudulently, and with the intent and for the purpose of displacing and destroying the debt and security of the plaintiff's title; and certain defects in the proceedings are alleged, which are particularly stated in the opinion. Judgment was obtained in favor of the plaintiff, as is also stated in the opinion.

The proceedings having been thus vacated, the premises

were again advertised to be sold, by the commissioners, under the Millar mortgage, on the first Tuesday of February, 1863. And to prevent this sale the present action was institued.

The exceptions taken, and points raised and decided, appear in the opinion.

Judgment was entered upon the referee's report, in favor of the defendants, and the plaintiff thereupon appealed to the general term of the Supreme Court.

The case was submitted upon printed briefs and points.

*J. Romeyn* and *W. A. Beach,* for the appellants.

*M. I. Townsend,* for the respondent.

MILLER, J. The facts presented upon the present appeal, do not appear to differ essentially from those which existed when this case was before the general term for review, on a former occasion, when the decision of the referee was reversed.

As no opinion was then written, showing the grounds of reversal, it may perhaps be well to examine the questions presented, the same as if the case was now for the first time before us.

The principal question which arises, I think, is that which relates to the effect of the judgment of this court which vacated and set aside the foreclosure and sale by the commissioners of loans, under the Millar mortgage, and all the subsequent proceedings of the commissioners which were based upon that sale and foreclosure.

I think the judgment and decree in favor of the plaintiff, in the action against the commissioners of loans, did not destroy the lien of the Millar mortgage; and the sale by virtue of it having been vacated and set aside, and the proceedings canceled and discharged of record, it remained in force, the same as if no proceedings had been instituted to foreclose it.

The allegations in the complaint in that action, which are

also incorporated, to a certain extent, in the final judgment and decree, show that the advertisement or notice of sale was illegal, and not published or fixed up within the time, and in the manner prescribed by law; that the conveyance of the premises and the mortgage taken back were illegally executed; and that the proceedings were collusive and colorable, merely, and were made and done fraudulently, and with the intent and for the purpose of defeating and destroying the plaintiff's debt and his title to the premises. The judgment and decree adjudges that those proceedings are illegal, inoperative and void, as against the plaintiff, and that they be discharged of record.

I think the legal effect of the judgment was to vacate and annul all the proceedings, and to restore the Millar mortgage to the same position which it had occupied, prior to their being commenced. If such was the case, then it remained as if it had never been foreclosed, in fact, prior to the advertisement and proceedings, to restrain which, this action was brought. If the judgment obtained by the plaintiff was valid and effectual, then there was no legal foreclosure or sale, and whatever had been done previously was null and void, and the same as if it never had been done. If I am correct in this view of the subject, then the mortgage stood as it was upon the record, a prior and an older claim and lien upon the property, which could only be avoided or canceled by some superior or stronger title.

It is insisted that the judgment setting aside the foreclosure by the commissioners of loans, of the Millar mortgage and the sale under it, operated only in favor of the plaintiff, and that the defendants can not avail themselves of it, for that reason. This argument is based upon the ground that the action was founded upon the alleged fraud and collusion of the defendants therein, and as the parties and their privies could not relieve themselves from any of the consequences, so they can not avail themselves of the advantages of the decree. Whatever fraud there was in the case, so far as the evidence exhibits,

it related to the manner in which the foreclosure and sale was conducted; and while it might vitiate that proceeding, it did not strike at, or in any way affect, the validity of the mortgage itself. That was not attacked, but only the means employed to enforce its collection. While the judgment vacated the proceedings which were illegal and tainted with fraud, it did not interfere with a legitimate effort to collect the mortgage. It is difficult to discover how the judgment could render the proceedings inoperative as to the defendants, and make them valid as to the plaintiff. If the sale was adjudged to be void as to the plaintiff, can the plaintiff in this action ask the court, now, to adjudge that they were valid as to him? It appears to me that this would require an entire reversal of the former decision, and involve a degree of inconsistency which is entirely irreconcilable with any sound and well settled legal principle.

Nor do I think that it required the direct and affirmative judgment of the court to reinstate the Millar mortgage and to restore its lien upon the premises. The sale being vacated and the proceedings set aside, the mortgage necessarily remained in full force and effect. Its lien upon the premises was not destroyed, and no special relief was required in favor of the defendants. The court, by its judgment, simply canceled and discharged of record the proceedings already had under the mortgage, and that reinstated it in its former position as an incumbrance upon the premises.

I think the case under consideration varies essentially from one where the proceedings have been regular and legal, and the payment of the amount secured has been realized and the property mortgaged applied for that purpose. There the debt would have been paid, while here it remains due and uncanceled. A sale of real estate under a proceeding which is pronounced to be illegal and invalid, can not operate to extinguish a valid mortgage, to satisfy which the sale was made. The power of the mortgage is not exhausted by any such illegal sale; and upon its being vacated, the mortgage becomes as

effective as if no proceedings had been had. As the proceeding has been adjudged to be invalid, and has failed to accomplish the object intended, the mortgage remains in full force and effect. No rights are affected by it. The plaintiff has the same remedy which he had before, and has attained no advantage which justifies a claim on his part that the mortgage is invalid. The mortgagor is not injured, as he has not paid the debt; and the mortgagees are not affected by it, as they have never received the sum secured, or obtained any satisfaction.

It is said that the mortgage was paid and canceled by the judgment, and that it is no longer a lien. This would no doubt have been so if the proceedings had been regular, but as they have been declared to be null and void, and have been canceled, the mortgage remains the same as if they never had been instituted. The judgment did not affect the validity of the mortgage, and there is no adjudication to that effect. While the taking of a new mortgage from a purchaser, for the purchase money, is equivalent to a payment, yet where the sale is set aside and the conveyances and mortgage given are canceled, it becomes ineffective as a payment, and the mortgage still remains unliquidated and in force. The security thus given, having failed, it must be considered as if no payment whatever had been made.

The recital in the conveyance, by the commissioners to the purchaser, that the money had been paid, is explained by the evidence, and rendered of no avail by the judgment setting aside the conveyance. The deed being annulled, it is not a valid conveyance in law.

The release of the purchase money by the commissioners, in the deed to Streeter, and the taking by them of a mortgage upon the premises from Streeter's grantee, Van Alstyne, I think, also stands upon the same footing. It is sufficient that they have been set aside, and that the commissioners have not received the amount secured by the mortgage.

An argument is also pressed upon us, that the defendants

are estopped by the acknowledgment in the deed from the loan commissioners to Streeter, and the deed from Streeter to Van Alstyne, and the mortgage from Van Alstyne to the loan commissioners, and by the payment of a portion of the principal and some of the interest upon the mortgage. I think there was no estoppel. There was clearly no estoppel *in pais*, within the principle laid down in several leading cases. (*Welland Canal Co.* v. *Hathaway*, 8 *Wend.* 483. *Dezell* v. *Odell*, 3 *Hill*, 219. *Hawley* v. *Griswold*, 42 *Barb.* 18.) It is not pretended that the plaintiff acted upon the admission in the deed, that the money was paid, or upon any of the facts referred to. He acquired his title long before a conveyance to Streeter, and his action afterwards was in disaffirmance of the sale, by the commencement, carrying on, and consummating proceedings, to vacate and set aside the sale, and hence he is not in a position to avail himself of any such rule. It is urged, however, that it was an estoppel by *deed*, or matter of record, which concludes the party without regard to the moral qualities of his conduct.

There are several difficulties in the way of applying this principle to the plaintiff in this action.

1. The plaintiff was not a party to the deeds, and as a stranger, it is exceedingly questionable whether he is in a position to take advantage of it. (4 *Com. Dig.* 76, *title Estoppel, C.*)

2. The judgment setting aside the sale, conveyances and mortgage, and all the proceedings, were had at the instigation and procurement of the plaintiff, and I think he is precluded from insisting that they remain in force after having been thus vacated.

3. The deeds and mortgage having been canceled and annulled by a competent tribunal, they can not be reinstated for the purpose of enforcing a technical rule in favor of a party who had no connection with them originally.

It may also be observed, that the evidence introduced by the defendants, in reference to this branch of the case, was

not solely for the purpose of defeating the conveyance, for that had already been done by the judgment of the court; but to explain that the consideration money therein mentioned, although admitted to have been paid, in fact had not been paid.

In general, the consideration clause in a deed is not within the rule excluding parol evidence in contradiction of a writing. (*Adams* v. *Hull*, 2 *Denio*, 306.  *Jackson* v. *Schoonmaker*, 2 *John.* 230.  *Whitbeck* v. *Whitbeck*, 9 *Cowen*, 266.)

Its effect is to estop the grantor from alleging that the deed was executed without consideration, and for every other purpose it is open to explanation, and may be varied by *parol proof.*  (*McCrea* v. *Purmort*, 16 *Wend.* 460.)

I think the object of the testimony, and its effect, brought it within the rule laid down, and therefore it was properly admitted.   And where it is thus admissible, the fact that the conveyance contains a release, does not interfere with the general rule.   Such was the fact in the case last cited, and yet the party was permitted to show that iron of a specified quality, and at a stipulated price, was delivered instead of money being paid, as was expressed in the deed.   The learned judge who wrote the opinion in that case, expressly states, that the acknowledgment in the deed, that the consideration money had been received, is not conclusive evidence of the fact, and that even as between the immediate parties, it comes down to the rank of *prima facie* evidence, for the purpose of giving effect to the operative words of the conveyance.   In speaking of a written release as an *extinguisher*, of itself, I do not understand him to mean the releasing clause in a conveyance which usually accompanies an acknowledgment of the receipt of the money, but an absolute, separate and distinct release.   Nor do any of the authorities to which we have been referred in the elaborate and learned brief of the plaintiff's counsel, in my judgment, sustain any such doctrine.

Some other views are urged, which I have examined, but which I do not deem it essential to discuss at length, as

---

Saxton *v.* Hitchcock.

---

the remarks already made cover the questions involved in the case.

It follows from the considerations presented, that there was no error on the trial before the referee, and that the judgment must be affirmed, with costs.

HOGEBOOM, J. concurred.

INGALLS, J. expressed no opinion.

Judgment affirmed.

[ALBANY GENERAL TERM, May 7, 1866.  *Miller, Hogeboom* and *Ingalls,* Justices.]