*Voss* and *Kane,* for appellant.

———o———

## HAWKINS *v.* MILLER.

SHERIFF'S SALE.—FAILURE OF TITLE.—A purchaser of real estate at a sheriff's sale, whose title was adjudged bad for defects in the proceedings, could not maintain an action at law against the judgment defendant for the price paid to the sheriff.

SAME.—EQUITY.—But in equity the purchaser may recover the money paid for the extinguishment of the defendant's debt.

APPEAL from the *Whitley* Common Pleas.

GREGORY, C. J.—Suit by *Miller* against *Hawkins.* The complaint was that one *Acrer* recovered a judgment against *Hawkins,* in the court below, at the *July* term, 1860, for $310 50, then due, and for $109 40 to become due on the 25th of *December,* 1862, and obtained a judgment for the foreclosure of a mortgage on certain described real estate; that the sheriff, by virtue of an order of sale issued on the judgment of foreclosure, levied upon and sold the mortgaged premises at public auction, at the court house door, on, &c.; that the plaintiff, in good faith, without any knowledge of any irregularity, became the purchaser thereof, for $425, paid

the purchase money, and received a deed for the premises; that the purchase money fully paid and satisfied the judgment of *Acrer* against *Hawkins;* that the plaintiff paid the taxes on the land for the years 1859 and 1860, amounting to $7 13; that *Hawkins* has remained in the possession of the premises ever since the sale; that the sale proved to be null and void, and conferred no title upon the plaintiff—the order of sale being held and adjudged null and void by the Whitley Circuit Court, at the *February* term, 1861, in a suit by the plaintiff against the defendant to recover possession of the land. Demurrer to the complaint overruled.

The defendant answered: 1. That he never requested the plaintiff to purchase the mortgaged premises, and never represented to the plaintiff that the proceedings upon which the sale was made were legal or regular, but that the plaintiff made the purchase voluntarily, and with full opportunity to know of the defect in the proceedings for which the sale was afterwards adjudged illegal and void. 2. That the sheriff's sale was adjudged void solely because the certified transcript of the decree and order of sale was defective and void, and conferred no authority upon the sheriff to make the sale, of which fact the plaintiff was bound to take notice at the time of his purchase. 3. The same in substance as the second. Demurrers to the answers sustained, and final judgment for the plaintiff for the sum paid at the sheriff's sale and interest. The errors complained of are the rulings on the demurrers.

It is urged that this was a voluntary payment, under a mistake of law, and that the plaintiff cannot recover the money, although the same was in good faith applied to the payment and discharge of the judgment against the appellant. This is the rule at law, but in equity the rule is otherwise. The common law action for money paid would not lie, but the facts averred in the complaint bring the case at bar within the rule recognized in the cases of *McGhee* v. *Ellis et al.*, 4 Littell 244; *Muir* v. *Craig*, 3 Blackf. 293; *Dunn et al.* v. *Frazier*, 8 Blackf. 432; *Preston* v. *Harrison*, 9 Ind. 1;

*Pennington* v. *Clifton*, 10 Ind. 172; and *Richmond et al.* v. *Marston et al.*, 15 Ind. 134.

The appellant attempts to draw a distinction between the case in judgment and those cited above, but there is none in principle, and we are not inclined to abridge or limit the rule in equity.

The judgment defendant was guilty of a wrong in refusing to pay his debt. He persisted in that wrong by allowing process to issue on the judgment against him. He stood by and took no steps to have the process set aside, and allowed the sheriff's sale to take place. The plaintiff in good faith paid his money, it is true under a mistake of law, but the defendant got the benefit of that mistake; he remained in the possession of the land sold, and finally defeated the plaintiff in the suit to recover possession of the premises. Under such circumstances this court is not inclined to look after fancied distinctions which have no foundation in reason.

The judgment is affirmed, with 5 per cent. damages.

*L. M. Ninde* and *R. S. Taylor* for appellant.

*A. Y. Hooper*, for appellee.