## MUIR ET AL. *v.* BERKSHIRE ET AL.

SUBROGATION.—*Equitable Assignee of Mortgage.*—A. mortgaged certain land to B., a school commissioner, to secure the payment of a loan from the school fund. Upon default, B. sold the land to C. at public sale, to pay the debt. C. sold and conveyed it, with covenants of warranty, to D., who took possession. At the suit of the heirs of A., the sale made by B. was declared void, and said heirs recovered possession. D. then sued the heirs of C. on said covenants of warranty, and recovered judgment against them, which they paid. The heirs of A. afterwards conveyed the land to E., who conveyed to F., said E. and F. having notice of all said proceedings.

*Held*, in an action brought by the heirs of C. against E. and F., for the sale of the land to pay the amount of the mortgage, that said heirs of C. were entitled to be regarded as the equitable assignees of the mortgage, and to be subrogated to the rights of the mortgagee.

*Held*, also, that the complaint of the heirs of C. against E. and F. was not bad on demurrer for not alleging facts showing that said heirs of C. were, as such heirs, actually liable to D. for the breach of said covenants of warranty in the deed made by C. to D., though E. and F. were not parties to said action of D. on said covenants.

From the Ripley Circuit Court.

*S. Major,* for appellants.

*J. G. Berkshire* and *H. W. Harrington,* for appellees.

BIDDLE, C. J.—The complaint in this case avers the following facts:

James Radley, in 1839, being seized of the land in question, mortgaged it to Jesse L. Holman, school commissioner, to secure the payment of one hundred dollars, borrowed from the school fund, with interest. In default of payment, the school commissioner, in 1842, sold the land at public sale, to pay·the debt. James Muir became the purchaser of the land at this sale. In 1848, Muir sold and conveyed the land to John Mullen, with covenants of warranty. Mullen took possession of the land and made lasting and valuable improvements thereon. In 1862, the heirs of James Radley, who had died in the meantime, brought suit against Mullen to obtain possession of the land. In this suit the sale made by Holman to James Muir was declared void for want of proper notice, and, in 1864, the Radley heirs recovered judgment and obtained possession of the land against Mullen, who then sued the appellants as heirs at law of James Muir on the covenants of warranty in the deed of James Muir to him, and recovered judgment against them, which they paid. The Radley heirs then conveyed the land to John G. Berkshire, and Berkshire to George W. Hunter, who now claims to be the owner; of all of which proceedings Berkshire and Hunter had notice. Prayer for the sale of the land to pay the amount of the mortgage.

To the alleged insufficiency of this complaint for want of averred facts, Berkshire and Hunter filed separate demurrers, which were sustained. Exceptions and appeal were taken. The sufficiency of the complaint is the sole question in the record.

It is insisted by the appellants that they should be subrogated to the rights of the mortgagee, or held as the equitable assignees of the mortgage.

The appellees insist that subrogation can only take place between sureties, or persons in some way bound to pay the

debt to protect themselves, and should not be allowed to persons disconnected with the transaction, or mere volunteer purchasers.

The sale under the mortgage having judicially been held void, the relation of the land to the mortgage remains the same as if no sale had been made. The question, then, in the case is, who stands in the place of the mortgagee? It cannot be Holman or his representatives, because as to them the mortgage was paid by the sale of the premises.

Subrogation generally takes place between co-creditors, where the junior pays the debt due to the senior, to secure his own claim; or it arises from the transactions of principals and sureties, and sometimes between co-sureties or co-guarantors. It is not allowed to voluntary purchasers or strangers, unless there is some peculiar equitable relation in the transaction, and never to mere meddlers. But while this is the rule generally, we think that a person who has paid a debt under a colorable obligation to do so, that he may protect his own claim, should be subrogated to the rights of the creditor. It is also allowed "for the benefit of the purchaser of an immovable, who uses the price which he paid in paying the creditors to whom the inheritance was mortgaged." Bouv. Law Dict., tit. Subrogation. In the case before us, doubtless James Muir supposed he was getting a good title to the land by the deed from Holman, and thus extinguishing the mortgage debt; and, although a voluntary purchaser, he is not a stranger to the transaction. We think, also, that the property purchased being real estate, and the purchase-money having been used "in paying a creditor to whom the inheritance was mortgaged," the purchaser should be subrogated to the rights of the original creditor. In *Johnson* v. *Robertson*, 34 Maryland, 165, it was held that:

"Where, under a decree of foreclosure, the mortgaged property is sold, and subsequently, on appeal, the decree is vacated, and the mortgaged property decreed to be sold again for the payment of the mortgage debt, the original

purchaser, if he has paid the purchase-money, and it has been applied to the payment of the mortgage debt, is entitled to be subrogated to the mortgagee, and have the mortgage treated as assigned to him." The same doctrine is held in the following cases:

*Stackpole* v. *Robbins*, 47 Barb. 212; *Brobst* v. *Brock*, 10 Wallace, 519; and *Jackson* v. *Bowen*, 7 Cowen, 13.

Although the deed of Holman did not convey a good title to James Muir, yet it conveyed all the interest Holman had in the land at the time; and that interest was the right to foreclose the mortgage against it and have the mortgage debt paid out of the proceeds. We think, therefore, that the deed operated as an equitable assignment of the mortgage to James Muir. *Robinson* v. *Ryan*, 25 N. Y. 320.

We are aware that there are some *dicta* in the case of *Richmond* v. *Marston*, 15 Ind. 134, which would seem to take a narrower view of the right of subrogation than we have expressed in this opinion; but that case differed in its premises from this; besides, it was decided upon another ground. Subsequent decisions of this court, however, fully support, as we think, the principles governing us in this opinion. In *Seller* v. *Lingerman*, 24 Ind. 264, it was held that where a sheriff's sale was set aside for irregularity, the purchaser was entitled to recover the purchase-money paid by him at the sheriff's sale, and to have a lien declared upon the land. The following cases are also in harmony with this view: *Peet* v. *Beers*, 4 Ind. 46; *Hawkins* v. *Miller*, 26 Ind. 173; *Troost* v. *Davis*, 31 Ind. 34; *Spray* v. *Rodman*, 43 Ind. 225.

If, under such circumstances, the persons ˙making the claim would have the right to recover back the purchase-money paid under the void sale made by Holman, as we think they would, it becomes immaterial whether they are regarded as being subrogated to the rights of the mortgagee, as the assignees of the mortgage, or merely as purchasers, or persons who have legally paid off the lien created by the mortgage.

The statute of limitations is mooted, rather than insisted upon, by the appellees.    As, by the averments in the complaint, it is not clear when the statute would begin to run, and as the case is one which might fall within some of the exceptions of the statute, perhaps the question could not be raised by demurrer to the complaint.    See *Atherton* v. *Williams*, 19 Ind. 105; *Matlock* v. *Todd*, 25 Ind. 128; *Hanna* v. *The Jeffersonville R. R. Co.*, 32 Ind. 113; and *Perkins* v. *Rogers*, 35 Ind. 124.

The judgment is reversed; cause remanded, with instructions to overrule the demurrer, and for further proceedings.

### ON PETITION FOR A REHEARING.

BIDDLE, C. J.—It is urged upon us, in the petition for a rehearing, that appellants, as heirs at law of James Muir, deceased, cannot recover in this action, because the liability to John Mullen, on the covenants of James Muir, should have been paid out of his general estate, and not by the appellants, as his heirs, and because " the complaint does not show that there had not been a final settlement of Muir's estate."

 The petition states:    "Now, the heirs of Muir bring suit against appellees, because one Mullen, who purchased the real estate from Muir, brought suit and recovered on the breach of covenants in the deed against them, because property had been received by them from James Muir, of greater value than Mullen's damages.    Such recovery is alleged, but we were no parties to such action.    Now, we suppose that, in order to be subrogated in this case, the plaintiffs below must allege facts showing that they were actually liable to Mullen for said breach of covenant as such heirs.    A judgment *inter alios* cannot answer such purpose."

All of this might be very true, if the right of the appellants, as heirs of James Muir, to be subrogated to the equities of the mortgage made by James Radley to Jesse L. Holman depended upon their payment of the liability to Mullen on the covenants of their ancestor, James Muir; but

it does not.  Their right arises out of the fact that James Muir, their ancestor, by his purchase of the land from Holman, became the equitable assignee of the mortgage made by James Radley to Holman.  Berkshire does not hold the land from Muir, nor from Mullen, nor by the same chain of title.  He purchased from Radley's heirs, after the ouster of Mullen and the recovery against the appellants on the covenants of James Muir.  Berkshire holds the land precisely as he would have held it, if there had been no sale by Holman and no controversy between the appellants and Mullen. The sale by Holman to Muir being void, and having been declared void by a judicial proceeding before Berkshire bought the land, he took it subject to the mortgage, and his vendee, Hunter, can take no better title than Berkshire, of all of which, as the complaint alleges, both Berkshire and Hunter had notice.

The petition is overruled.

Downey, J.—So far as the foregoing opinions hold that the heirs of Muir can be subrogated to the rights of Holman under the mortgage, without showing that they were legally liable to Mullen for the damages sustained by him, and that they had paid the same to Mullen, I cannot concur therein. The appellees are not bound by the judgment of Mullen against the heirs of Muir.  They were not parties to that action.  *Maple* v. *Beach*, 43 Ind. 51.  It is not enough to allege that Mullen recovered a judgment against them, but the facts rendering them liable should be averred.  *McShirley* v. *Birt*, 44 Ind. 382.  If the conveyance to Muir vested in him the equitable right to claim under the mortgage, then I do not see why the conveyance by Muir to Mullen did not carry that right on to him.  How, then, could the right become vested in Muir's heirs?  Only, as I think, by showing that they were legally liable to pay the damages sustained by Mullen, and that they had paid the same.  These facts the complaint in question does not show, and therefore, in my judgment, it is insufficient.