HUGH CLARK AND WIFE *v.* D. R. WILSON.

1. SUBROGATION. *Purchaser at invalid sale under mortgage. Equitable assignee.*
   The purchaser of land at an invalid sale under a mortagage or deed of trust,
   whose purchase-money has been applied to the payment of the debt secured,
   is entitled to be subrogated to the rights of the beneficiary in such instrument,
   so as to fasten a lien on the land for the recovery of his money thus applied.
   The purchaser in such case is regarded and treated as the equitable assignee
   of the security.

2. CHANCERY. *Practice. As to filing cross-bill or original bill.*
   The statute which permits a defendant in a suit in chancery to make his answer
   a cross-bill does not compel him to do so, instead of resorting to an original
   bill.

APPEAL from the Chancery Court of Yazoo County.

Hon. E. G. PEYTON, Chancellor.

In August, 1873, Hugh Clark and wife executed a deed of
trust to Mangum, as trustee, for the benefit of Harrison &
McLaren. The deed of trust contained this provision: "And
should said second party [Mangum] fail, from any cause, to
act herein, the said third parties [Harrison & McLaren] may
appoint, in writing, any one else to execute this trust, with
every power, title, and right, as well as duty, touching the
same." In November, 1873, Harrison & McLaren were
adjudicated bankrupts, and Jennings and Ingram were ap-
pointed trustees of their estate, under the bankrupt law. In
March, 1874, the trustees in bankruptcy, attempting to exe-
cute the power of substitution conferred on Harrison & Mc-
Laren by the deed of trust, appointed Thompson as trustee in
place of Mangum, on the ground that the latter was "unable,
on account of absence, to execute the trust." Thompson then
sold the land according to the terms of the deed of trust, and
D. R. Wilson became the purchaser thereof, at an amount
covering the debt and interest due by Clark and wife.

Thereupon, Wilson instituted an action of unlawful detainer
against Clark and wife, to obtain possession of the land. Clark
and wife, by a bill in chancery, procured an injunction against

the prosecution of the action of unlawful detainer. Upon the motion of the defendant, the injunction was dissolved, and the complainants appealed to this court, but without a *supersedeas.* It was here decided that the substitution of Thompson as trustee in place of Mangum was unauthorized, and that Wilson got no title by his purchase; and the decree was reversed, and the cause remanded for an account to be taken to ascertain the amount of the debt, to the payment of which the land might be subjected by the proper enforcement of the deed of trust. See *Clark* v. *Wilson,* 53 Miss. 119.

After the dissolution of the injunction by the chancellor, Wilson obtained possession of the land by his action of unlawful detainer. Clark and wife appealed that case to the Circuit Court. Before the decision of this court in the chancery cause, Clark and wife instituted an action of ejectment to recover from Wilson the possession of the land, and for the rents and profits thereof. Immediately after said decision, Wilson surrendered the possession of the land to Clark and wife. On the 27th of May, 1878, the actions of unlawful detainer and ejectment were both pending in the Circuit Court, and the suit in chancery by Clark and wife was also still pending. And on that day Wilson filed an original bill in chancery, for the purpose of enjoining the further prosecution of the actions of unlawful detainer and ejectment, and also praying that he be subrogated to the rights of the beneficiaries in the deed of trust, and that the land be sold to pay the debt thereby secured, on the ground that, having paid the debt to the trustees in bankruptcy of Harrison & McLaren, he had become the equitable assignee of the same, together with the security therefor. Clark and wife demurred to the bill for want of equity; the demurrer was overruled, and the defendants appealed to this court.

*A. M. Harlow,* for the appellants, filed an abstract and assignment of errors.

*Nugent & McWillie,* on the same side.

1. If the theory of the complainant be true, — that he is

entitled to be subrogated to the rights of the beneficiaries in the deed of trust,— it might have been vindicated and enforced by a cross-bill in the equity suit pending when the bill in this case was filed; and an independent suit was unnecessary. The unlawful detainer case is retained to secure a reversal of the judgment under which Wilson was let into possession of the land, and the ejectment suit, to recover the rents due by Wilson.

2. There was no conventional agreement in this case; and there can be no legal subrogation, because the whole transaction consisted in the payment of a trust-debt by one who, from his relation, must be presumed to have extinguished the debt, and not to have had the design to keep it alive against the principal debtor. Wilson did not represent Clark and wife, but was a volunteer, acting in hostility to them. Dixon on Subr. 162 *et seq.; Harrison* v. *Bisland,* 5 Rob. 204 ; *Nolte & Co.* v. *Their Creditors,* 7 Mart. (N. s.) 602. Subrogation does not arise in favor of a purchaser at a forced sale. Dixon on Subr. 168 ; 3 La. 477 ; 4 La. An. 576. On the doctrine of subrogation, see also 44 Miss. 685 ; 9 Smed. & M. 271, 526 ; 51 Miss. 75 ; 66 N. Y. 366 ; 2 Brocken. 159 ; 27 N. J. 660 ; 3 Paige, 122.

*J. C. Prewett,* for the appellee, filed no brief.

*J. B. H. Hemingway,* on the same side.

1. The appellee, the complainant in the bill, is entitled to be subrogated to the rights of the beneficiaries in the deed of trust. Jones on Mort., sect. 874 ; *Muir* v. *Berkshire,* 52 Ind. 149 ; *Johnson* v. *Robertson,* 34 Md. 165 ; *Stackpole* v. *Robbins,* 47 Barb. 212 ; *Brobst* v. *Brock,* 10 Wall. 519 ; *Johnson* v. *Bowen,* 7 Cow. 13 ; *Robinson* v. *Ryan,* 25 N. Y. 320 ; *Seller* v. *Lingerman,* 24 Md. 264 ; *Staples* v. *Fox,* 45 Miss. 680 ; *Peet* v. *Beers,* 4 Md. 46 ; *Hawkins* v. *Miller,* 26 Md. 173 ; *Troost* v. *Davis,* 31 Md. 34 ; *Sproy* v. *Rodman,* 43 Md. 225.

2. The appellee's bill presents new matters which could not have been presented by a cross-bill in the other suit in chan-

cery. The relief here sought could not have been accomplished by a cross-bill in that suit. A cross-bill must be confined to matters of defence. *Gilmer* v. *Felhour*, 45 Miss. 627 ; Story's Eq. Pl., sect. 399 ; *Cross* v. *De Valle*, 1 Wall. 14 ; Adams's Eq. 403 ; Hopk. Ch. 48 ; 8 Cow. 360.

CHALMERS, J., delivered the opinion of the court.

The legal question presented is, whether the purchaser of real estate at an invalid sale under a mortgage or trust-deed, whose money has been paid, and applied to the satisfaction of the mortgage-debt, is entitled to be subrogated to the rights of the mortgagee, so as to fasten a lien on the land for the recovery of his money.

We answer the question in the affirmative, both upon principle and authority. He is to be deemed and treated as the equitable assignee of the mortgage. *Muir* v. *Berkshire*, 52 Ind. 149 ; *Johnson* v. *Robertson*, 34 Md. 165 ; *Stackpole* v. *Robbins*, 47 Barb. 212 ; *Brobst* v. *Brock*, 10 Wall. 519 ; Jones on Mort., sect. 874. It is upon this principle that our own case of *Porter* v. *Shoot*, 44 Miss. 533, rests.

We are asked by counsel to express our opinion upon the question, whether it was admissible for complainant to bring this original bill, or whether he should not have filed a cross-bill in the prior and still pending proceeding between the parties, which is reported in 53 Miss. 120.

We do not understand that our statute *permitting* a defendant to make his answer a cross-bill *compels* him to do so ; and certainly it does not where, as in this case, he desires to introduce new matter which it is not competent to litigate in the pending proceeding.

Decree affirmed, and defendants required to answer within sixty days.

GEORGE, C. J., having been consulted as counsel in the case, takes no part in this decision.